In the Matter of Alexander Spitzer, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, June 18, 1970.

Michael Franck of counsel (John G. Bonomi, attorney), for petitioner.

Jacob P. Lefkowitz for respondent.

Per Curiam. Respondent was admitted to the Bar in the Second Department in 1933. He has been engaged in active practice without interruption since that time, except for the period April, 1942 to the end of 1946, during which time he was in service; he entered the Army as a private and was honorably discharged, as Captain, Signal Corps, attached to the Air Corps. It appears that he conducted his practice of law with integrity

and that he is held in considerable esteem by his clients, fellow lawyers, and members of the community in which he resides. In addition, to his credit, he has been most generous in support of ailing parents over a period of many years. His father died in 1964. He now continues to be responsible for a senile mother, 82 or 83 years of age, who requires nursing attendance. He and his wife, whom he married in 1964, now live with his mother and his single sister, now 58 years old, and ill, who also requires partial support from him.

The charge that initiated this proceeding arose from an indictment in the United States District Court for Federal income tax evasion for the years 1959, 1960, 1961, 1962 and 1963. Respondent was convicted upon his plea of *nolo contendere* and, in substance, admitted the charge and the facts upon which his conviction was predicated. He was sentenced to: " A fine of $5,000 and two years imprisonment on each count, the defendant to be confined for a period of thirty days, the execution of the rest of the sentence of imprisonment to be suspended and the defendant placed on probation for one year. The terms of imprisonment are concurrent; the fine is cumulative — that is, a total of $25,000. The sentence of imprisonment beyond thirty days is suspended on condition that the defendant pays his entire civil tax liability, including interest and civil penalties, for the five years in the amounts fixed by pending civil litigation. In addition to the usual conditions of probation, an added condition is that the defendant pay his taxes for the years subsequent to the years mentioned in the indictment."

In line with the court's sentence, the respondent has already paid the $25,000 fine and has deposited $100,000 with the United States Attorney's office towards the disposition of his civil tax liability. At the conclusion of the litigation, respondent must still serve a 30-day sentence of imprisonment, despite the payment of the civil liabilities.

It further appears that respondent who is approaching his 60th birthday, after paying his taxes due, plus interest, plus 50% fraud penalties, will have no funds remaining from his lifetime of work.

It is obvious that he has already been severely punished for his transgressions. Notwithstanding, his conduct cannot escape from sanction. In imposing an appropriate sanction we have considered the fact that the infractions did not arise out of his legal practice and did not involve any deception of the court or overreaching of a client. The prior good reputation of the respondent, the absence of other transgressions, and his candor

in the proceedings brought against him are factors which also merit consideration.

Applying these considerations to this proceeding, we find that the factors in favor of the respondent, including the complete deprivation of a right to earn a living in the only field of endeavor available to him at his age, the practice of law, are such that revocation of his license is not called for. (*Matter of Spira*, 14 A D 2d 19.)

Under all the circumstances it is determined he should be suspended from practice for a period of six months.

CAPOZZOLI, J. P., McGIVERN, MARKEWICH, NUNEZ and TILZER, JJ., concur.

Respondent suspended for a period of six months effective July 20, 1970.